IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:23-MJ-00725 (CFH) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **MUFID FAWAZ ALKHADER** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, MUFID FAWAZ ALKHADER, by and through counsel, Tim Austin, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of the order, and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a) Date of initial complaint: December 7, 2023

    b) Date of amended complaint: December 11, 2023

    c) Date of initial appearance: December 8, 2023

    d) Defendant custody status: detained

    e) Date United States moved for detention: December 8, 2023

    f) Date of detention hearing: December 8, 2023

  g)  Date detention decision issued: December 8, 2023

  h)  Earlier enlargements of time and exclusions under the Speedy Trial Act: no prior enlargements of time.

2)  The United States and the defendant request this exclusion based on the following facts and circumstances: on or about December 11, 2023 a two-count amended criminal complaint was filed against the defendant in the Northern District of New York. The complaint alleges that the defendant (i) possessed a firearm while being a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3) & 924(a)(8); and (ii) conspired to make a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 371 & 922(a)(6). The government has previously provided the defense with a variety of informal discovery materials and expects to provide additional materials in the coming weeks. The parties will use the requested additional time to review the investigative materials, conduct additional investigation as necessary, and explore plea negotiations.

3)  The parties stipulate and agree that (i) the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because of the parties' need to review investigative materials, further investigate the case, and explore plea negotiations; and (ii) it is unreasonable to expect the defense team to be prepared to defend this case during the initial stages of the investigation, taking into account the exercise of due diligence.

4)  The parties stipulate and agree that the time period from the date of this stipulation, to and including March 13, 2024, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

  The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: December 13, 2023	CARLA B. FREEDMAN
	United States Attorney

By:	/s/ *Richard Belliss*
	Richard Belliss
	Assistant United States Attorney
	Bar Roll No. 515295

	Tim Austin, Esq.
	Attorney for MUFID FAWAZ ALKHADER
	Bar Roll No. 508098

**ORDER**

A.      The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.      The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because (i) the parties' need to review investigative materials, further investigate the case, and explore plea negotiations; and (ii) it is unreasonable to expect the defense team to be prepared to defend this case during the initial stages of the investigation, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of December, 2023.

                                                                                                                 Hon. Christian F. Hummel
                                                                                                                 U.S. Magistrate Judge