U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
**Nov 18 - 2024**
John M. Domurad, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   1:23-MJ-00725 (CFH) |
| ) | |
| **v.** ) | Stipulation and Order |
| ) | for Enlargement of Time |
| **MUFID FAWAZ ALKHADER** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, MUFID FAWAZ ALKHADER, by and through counsel, Tim Austin, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint:  December 7, 2023

   b) Date of amended complaint: December 11, 2023

   c) Date of initial appearance:  December 8, 2023

   d) Defendant custody status: detained

   e) Date United States moved for detention:  December 8, 2023

   f) Date of detention hearing:  December 8, 2023

g) Date detention decision issued: December 8, 2023

h) Earlier enlargements of time and exclusions under the Speedy Trial Act: five prior enlargements excluding the time periods running from December 15, 2023 through March 12, 2024, March 11, 2024 through May 10, 2024, May 14, 2204 through July 12, 2024, July 15 2024 through September 14, 2024; and September 16, 2024 through November 15, 2024.

2) The United States and the defendant request this exclusion based on the following facts and circumstances: on or about December 11, 2023 a two-count amended criminal complaint was filed against the defendant in the Northern District of New York. The amended complaint alleges that the defendant (i) possessed a firearm while being a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3) & 924(a)(8); and (ii) conspired to make a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 371 & 922(a)(6). On November 12, 2024, the government provided the defendant and his counsel with a proposed plea offer. The parties will use the requested additional time to conduct plea negotiations.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because (i) the parties' need to conduct plea negotiations; and (ii) it is unreasonable to expect the defense team to be prepared to defend this case during the initial stages of the investigation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii), (iv).

4) The parties stipulate and agree that a period of sixty (60) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii), (iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: November 12, 2024          CARLA B. FREEDMAN
                                            United States Attorney

                     By:     */s/ Richard Belliss*
                                   Richard Belliss
                                   Assistant United States Attorney
                                   Bar Roll No. 515295

                                   Tim Austin, Esq.
                                   Attorney for MUFID FAWAZ ALKHADER
                                   Bar Roll No. 508098

**ORDER**

A.  The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because (i) the parties' need to conduct plea negotiations; and (ii) it is unreasonable to expect the defense team to be prepared to defend this case during the initial stages of the investigation, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this __18th__ day of November, 2024.

Christian F. Hummel
U.S. Magistrate Judge