IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:23-MJ-00725 (CFH) |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **MUFID ALKHADER** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Mufid Alkhader, by and through counsel, Timothy Austin, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)   The chronology of this case is as follows:

      a)   Date of complaint:  December 7, 2023

      b)   Date of amended complaint: December 11, 2023

      c)   Date of initial appearance:  December 8, 2023

      d)   Defendant custody status: detained

      e)   Date United States moved for detention:  December 8, 2023

      f)   Date of detention hearing:  December 8, 2023

g)    Date detention decision issued:  December 8, 2023

h)    Earlier enlargements of time and exclusions under the Speedy Trial Act: six prior enlargements excluding the time periods running from December 15, 2023 through March 12, 2024, March 11, 2024 through May 10, 2024, May 14, 2204 through July 12, 2024, July 15 2024 through September 14, 2024; September 16, 2024 through November 15, 2024; and November 18, 2024 through January 17, 2025.

2)    The United States and the defendant request this exclusion based on the following facts and circumstances: on or about December 11, 2023 a two-count amended criminal complaint was filed against the defendant in the Northern District of New York.  The amended complaint alleges that the defendant (i) possessed a firearm while being a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3) & 924(a)(8); and (ii) conspired to make a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 371 & 922(a)(6).  About a week ago the parties reached a plea resolution in which the defendant agrees to waive indictment and plead guilty to an information (with a plea agreement) charging him with (i) conspiracy to commit an offense against the United States, in violation of 18 U.S.C. §§ 371 and 922(a)(6); (ii) obstruction of free exercise of religious beliefs with a dangerous weapon, in violation of 18 U.S.C. §§ 247(a)(2) and 247(d)(3); and (iii) brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The parties submitted the plea agreement to the Court on or about January 10, 2025, resulting in an automatic exclusion of time pursuant to 18 U.S.C. § 3161(h)(1)(G) while the Court considers the plea agreement.  The parties' request for a plea hearing also results in an automatic exclusion of time due to a delay resulting from any pretrial motion, pursuant to 18 U.S.C. § 3161(h)(1)(D).  The plea hearing is scheduled to take place before this Court on February 4, 2025 before the Honorable Anne M. Nardacci, U.S. District Judge.  It is impractical to seek an

indictment in this case before the plea hearing in light of the parties' plea agreement, which provides that the defendant will waive indictment and plead guilty to an information. Requiring the Government to indict the case before the plea hearing would deprive the parties of the benefit of their plea agreement and would unnecessarily utilize the scarce resources of a federal grand jury.

3)      The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the failure to grant such a continuance would "likely . . . make a continuation of such proceeding impossible," in that the parties' agreement for the defendant to waive indictment and plead guilty to an information would be nullified, 18 U.S.C. § 3161(h)(7)(B)(i); would "result in a miscarriage of justice," in that the Government would need to indict the defendant after negotiating a plea agreement in which it promises not to do so, 18 U.S.C. § 3161(h)(7)(B)(i); and because the parties require additional time, taking into account the exercise of due diligence, to prepare for and attend the plea hearing that has been previously scheduled by this Court, 18 U.S.C. § 3161(h)(7)(B)(iv).

4)      The parties stipulate and agree that a period of thirty (30) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i), (iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: January 16, 2025                              CARLA B. FREEDMAN
                                                     United States Attorney


                                          By:      /s/ *Richard Belliss*
                                                 _____
                                                   Richard Belliss
                                                   Assistant United States Attorney
                                                   Bar Roll No. 515295

3

/s/ *Timothy Austin*

Timothy Austin, Esq.
Attorney for Mufid Alkhader
Bar Roll No. 508098

## ORDER

A.     The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.     The Court finds that time is automatically excluded between now and the plea hearing because the delay results from a pretrial motion in the form of a request from the parties for a plea hearing, 18 U.S.C. § 3161(h)(1)(D), and because the delays results from this Court's consideration of the proposed plea agreement entered into by the parties, 18 U.S.C. § 3161(h)(1)(G).

C.     The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the failure to grant such a continuance would "likely . . . make a continuation of such proceeding impossible," in that requiring the Government to indict the defendant would nullify an important aspect of the plea agreement and would result in a miscarriage of justice, as the Government agrees in the plea agreement not to indict the defendant, 18 U.S.C. § 3161(h)(7)(B)(i); and because the parties require additional time, taking into account the exercise of due diligence, to prepare for and attend the plea hearing that has been previously scheduled by this Court, 18 U.S.C. § 3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of this Order, and that time be excluded pursuant to Title 18, United States

Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must

be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of

justice served by granting this continuance outweigh the best interest of the public and the

defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this ____17____ day of January, 2025.

_____

Hon. Daniel J. Stewart

U.S. Magistrate Judge